**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Francy Arango,            ) | Case No. |
|                           ) | |
| Plaintiff,                ) | **COMPLAINT AND TRIAL BY JURY** |
|                           ) | **DEMAND** |
|     vs.                   ) | |
|                           ) | |
| GMA Investments, LLC dba Summit ) | |
| Receivables, and JTM Capital ) | |
| Management, LLC           ) | |
|                           ) | |
| Defendants.               ) | |

## NATURE OF ACTION

1. Plaintiff Francy Arango ("Plaintiff") brings this action against Defendants GMA Investments, LLC dba Summit Receivables ("Summit") and JTM Capital Management, LLC ("JTM") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4. Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'"

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible. *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

8. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

9. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221); *see also Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of New Jersey, County of Gloucester, and City of Paulsboro.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Summit is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Summit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. JTM is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. JTM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person allegedly obligated to pay a debt.

17. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

18. Summit uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19. Summit regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. JTM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21. JTM purchases defaulted receivables from creditors, which it then, either directly or through third parties, seeks to collect from the consumer for its own profit.

22. The principal purpose of JTM's business is debt collection.

23. JTM has no other substantial business purpose except to purchase debt and profit from collected debts.

24. JTM acquired Plaintiff's Debt after it was alleged to be in default.

25. At all relevant times, Summit acted on behalf of JTM to collect or attempt to collect the Debt from Plaintiff.

26. In connection with the collection of the Debt, Summit placed a telephone call to Plaintiff's cell phone on January 24, 2018 and spoke with Plaintiff.

27. The January 24, 2018 telephone conversation was Summit's initial communication with Plaintiff with respect to the Debt.

28. During the January 24, 2018 telephone conversation, Summit did not give Plaintiff the notices required by the FDCPA, 15 U.S.C. § 1692g(a).

29. As Plaintiff had never heard of Defendant nor recognized owing any Debt, Plaintiff wanted more information.

30. During the January 24, 2018 telephone conversation, Plaintiff requested communication in writing regarding the Debt, which Summit declined to produce.

31. Additionally, during the January 24, 2018 telephone conversation, Summit advised they would be placing calls to Plaintiff's place of employment.

32. After the January 24, 2018 telephone conversation, Plaintiff never received any written communication from Summit regarding the Debt, or the notices required by the FDCPA, 15 U.S.C. § 1692g(a).

33. Upon information and belief, Summit did not send Plaintiff the notices provided by 15 U.S.C. § 1692g(a) in writing within five days of January 24, 2018.

34. In connection with the collection of the Debt, on January 29, 2018, Summit placed a telephone call to Plaintiff's place of employment and spoke to Plaintiff.

35. During the January 29, 2018 telephone conversation, Plaintiff advised Summit that they could not call her at work because her employer prohibits such calls, and advised Summit to not contact her at her place of employment.

36. After the January 29, 2018 telephone conversation, Summit has called Plaintiff at her place of employment several times, including but not limited to again on January 29, 2018, and on January 30, 2018.

37. With each conversation Plaintiff advised Summit to not contact her at her place of employment.

38. Summit's communications and attempted communications with Plaintiff at her place of employment caused Plaintiff undue distress and anxiety that Summit would cause problems with Plaintiff's ability to do her job, keep her employment secure, and maintain her privacy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)
## Summit

39. Plaintiff repeats and re-alleges each factual allegation above.

40. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

41. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

42. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

43. Summit violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Summit violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692c(a)(3)
### Summit

44. Plaintiff repeats and re-alleges each factual allegation above.

45. The FDCPA provides that "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3).

46. "[T]he FDCPA exists to protect the unsophisticated consumer. Unsophisticated consumers, whatever else may be said about them, cannot be expected to assert their § 1692c(a)(3) rights in legally precise phrases. It is therefore enough to put debt collectors on notice under § 1692c(a)(3) when a consumer states in plain English that she cannot speak to the debt collector at work." *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003) (internal citation omitted).

47. Summit violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Summit violated 15 U.S.C. § 1692c(a)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)
## JTM

48. Plaintiff repeats and re-alleges each factual allegation above.

49. Summit violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

50. JTM, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Summit—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that JTM violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)
## JTM

51. Plaintiff repeats and re-alleges each factual allegation above.

52. Summit violated 15 U.S.C. § 1692c(a)(3) by repeatedly contacting Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer.

53. JTM, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Summit—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that JTM violated 15 U.S.C. § 1692c(a)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

54.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 29, 2018.

                                                Respectfully submitted,

                                                s/Justin Auslaender
                                                Justin Auslaender
                                                Thompson Consumer Law Group, PLLC
                                                5235 E. Southern Ave., D106-618
                                                Mesa, AZ 85206
                                                Telephone: (347) 960-9671
                                                Facsimile: (347) 960-9252
                                                jauslaender@ThompsonConsumerLaw.com
                                                Attorney for Plaintiff

                                                *Please direct local correspondence to*:

                                                117-14 Union Turnpike FA1
                                                Kew Gardens, NY 11415