UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANCY ARANGO, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 18-9813 |
| v. | : | OPINION |
| GMA INVESTMENTS, LLC dba SUMMIT RECEIVABLES, and JTM CAPITAL; MANAGEMENT, LLC | : | |
| Defendants. | : | |

This matter is before the Court on Defendant JTM Capital's Motion to Dismiss pursuant to Fed. R. Civ. P. 16 (b). The Court has considered the written submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78 (b). For the reasons stated below, Defendant's motion is denied.

## Background

Plaintiff Francy Arango contends that she is alleged to owe a consumer debt to Defendant JTM Capital ("JTM"). JTM hired Defendant Summit Receivables ("Summit") to collect the Arango debt. Plaintiff claims that Summit's collection efforts violate the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and seeks to hold JTM vicariously

liable for Summit's violations. JTM argues that because it is not a debt collector as defined by FDCPA, Plaintiff's claims must be dismissed.

## Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss "for failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. Fowler v. UFMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) ("Iqbal ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). The Court "must accept all of the complaint's well-pleaded facts as true," Fowler, 578 F.3d at 210, "and then determine whether they plausibly give rise to an entitlement for relief." Connelly, 809

F.3d at 787 (citations omitted). Restatements of the elements of a claim, however, are legal conclusions and, therefore, not entitled to a presumption of truth. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011).

### FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)). The FDCPA is remedial legislation and "must be broadly construed in order to give full effect to these purposes." Douglass v. Convergent Outsourcing, 765 F.3d 299, 302 (quoting Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148 (3d Cir. 2013)).

> The term "debt collector" is defined by the FDCPA as follows:
>
> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, <u>or</u> who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a (6) (emphasis added). "The statute thus provides two separate paths to establishing an entity's status as a 'debt collector.'" Barbato v. Greystone All., LLC, 916 F.3d 260, 265 (3d Cir.

2019) (citing <u>Henson v. Santander Consumer USA Inc.</u>, 137 S. Ct. 1718, 1721 (2017).

ANALYSIS

JTM argues that because it is a passive debt purchaser and not an entity that actively collects debt it does not meet the statutory definition of a debt collector under either prong of the definition. The Court disagrees.

Recently, the Third Circuit considered whether an entity that meets the principal purpose definition is a debt collector as defined by the FDCPA even when that entity hires a third party to collect the debt. <u>Barbato</u>, 916 F.3d at 267-68. The Appellant in <u>Barbato</u>, Crown Asset Management, was a purchaser of the debts on which a consumer has stopped making payments. <u>Id.</u> at 262. In certain cases, including Barbato's case, Crown itself did not collect on the debt and referred the charges to a third-party for collections. <u>Id.</u> Barbato filed a state court action against Crown's third-party servicer, Greystone Alliance, LLC, alleging that Greystone violated the FDCPA in its attempt to collect the debt. Barbato also added Crown as a defendant on the theory that it was liable for Greystone's actions because Crown is also a debt collector under the Act. <u>Id.</u> at 263.

In the district court, Crown unsuccessfully argued that it was not a debt collector as defined by the act and, therefore, not liable for Greystone's

4

actions.  On appeal, the Third Circuit affirmed the district court's determination that Crown was indeed a debt collector under the FDCPA and subject to liability for the collection attempts of its third-party servicer Greystone. Id.  Specifically, the Court held that Crown qualified as a debt collector under the "principal purpose" prong of the definition because Crown's business mission is the acquisition of debt; the fact that Crown took no overt action on the collection of the debts was determined to be inconsequential. "As long as the business's *raison d'être* is obtaining payment on the debts that it acquires, it is a debt collector.  Who actually obtains the payment or how they do so is of no moment." Id. at 267.

The Court's holding regarding the scope of the "principal purpose" prong of the definition in §1692a(6) squared the recent Supreme Court precedent in Henson, 137 S. Ct. 1718, with Third Circuit precedent in Tepper v. Amos Fin., LLC, 898 F.3d 364, 366 (3d Cir. 2018) and Pollice v. National Tax Funding, L.P., 225 F.3d 379, 385 (3d Cir. 2000) and considered the plain meaning of the statutory text of the FDCPA.  After a thorough review of the considerations, the Court concluded that that the "principal purpose" definition espoused in §1692a(6) captured entities such as Crown which buy consumer debt and then use indirect means, such as the hiring of a debt collector, to collect the debt. Barbato, 916 F.3d at 268.

> The existence of a middleman does not change the essential nature—the principal purpose—of Crown's business. As Barbato points out, Crown could buy debt for the charitable purpose of forgiving it, or it could buy debt for the purpose of reselling it unrelated to parties at profit. In both of those cases, the entity's "principal purpose" would not be collection. But Crown does neither if those things. Indeed, the record reflects that Crown's only business is the purchasing of debts for the purpose of collecting on those debts, and, as Crown candidly acknowledged at oral argument, without the collection of those debts, Crown would cease to exist. In short, Crown falls squarely within §1692a (6)'s "principal purpose" definition.

Id. at 268.

Here, Plaintiff claims that JTM acquired her debt after the debt was in default and hired Summit for collection. Plaintiff's Complaint alleges that JTM is a business entity with principal purpose of which is the collection of any debts. Compl., ¶¶ 20, 22. Similar to Barbato, the Complaint further alleges that JTM has no other substantial business purpose except to purchase defaulted receivables from creditors and then attempt collection either directly or through third parties. Id. at ¶¶ 21, 23, 24.

Accepting Plaintiff's allegations in the Complaint as true as required by Rule 12 (b) (6), Defendant's Motion to Dismiss is denied because it is plausible that JTM meets the statutory requirement of a debt collector as defined by §1692a (6)'s "principal purpose" definition under the FDCPA. Barbato, 916 F.3d 260. JTM essentially has the same posture as the appellant Crown in Barbato. For the same reasons expressed by the Third

6

Circuit in concluding that Crown met the definition of a debt collector, this Court finds that JTM is likewise a debt collector as alleged in the Complaint. Defendant's motion to dismiss is denied.

## Conclusion

For these reasons, Defendant JTM's Motion to Dismiss is denied. An appropriate Order shall issue.

April 30, 2019                                    s/ Joseph H. Rodriguez
                                                              JOSEPH H. RODRIGUEZ
                                                                   U.S.D.J.